IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KABANA, INC.,

    Plaintiff,

vs.                                                       Civ. No. 98-1200 BB/LCS

NAGALLE DESIGNS, INC., et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss or Alternatively, Motion for More Definite Statement, filed December 8, 1998. Defendants move to either dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, or compel the Plaintiff to provide a more definite statement of the allegations in the Complaint pursuant to Fed. R. Civ. P. 12(e). Both the motion to dismiss and motion for more definite statement rely on the argument that the complaint is too vague and ambiguous.

Because granting a Fed. R. Civ. P. 12(e) motion is a less harsh remedy than dismissing the case under Fed. R. Civ. P. 12(b)(6), I will address the Fed. R. Civ. P. 12(e) motion first. *See Classic Communications, Inc. v. Rural Telephone Serv. Co.*, 956 F. Supp. 910 (D. C. Kan. 1997)(plaintiff should have opportunity to amend complaint containing insufficient information rather than dismissing it). "A more definite statement is appropriate where the complaint is so vague or ambiguous that the defendant cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail. ... A motion for a more definite statement should not be

1

granted if the complaint complies with the requirements of Rule 8." *Kelly v. Cool*, 145 F.R.D. 32, 35 (S.D. N.Y. 1992)(citations omitted). Whether to grant a motion for a more definite statement is a matter within the discretion of the court. *United States v. Metro Dev. Corp.*, 61 F. R. D. 83, 85 (N. D. Ga. 1973).

Generally, under Fed. R. Civ. P. 8(a)(2), the plaintiff need only set forth a short and plain statement of the alleged wrong which notifies the defendant of the charge and enables him to prepare a responsive pleading. *Paragon Services, Inc. v. Hicks*, 843 F. Supp. 1077, 1081 (E.D. Va. 1994). However, in the case of an alleged copyright act violation, the "courts have required a greater degree of specificity" in pleading the complaint. *Id*. *See also Hartman v. Hallmark Cards, Inc.*, 639 F.Supp. 816, 820 (W.D. Mo. 1986). To fulfill this greater specificity requirement, the Plaintiff must state "(1) which specific original works are the subject of the claim; (2) that plaintiff owns the copyrights in issue; (3) that the works in issue have been registered; and 4) by what acts and during what time frame defendants have infringed the copyright." *Id*. *See also Kelly*, 145 F.R.D. at 36.

In this case, ¶14 of the Complaint states that "[t]he jewelry distributed by Defendants infringes on the copyrights of the works identified in Exhibits 5 through 14 *and other copyrighted works of Kabana."* (Emphasis added). The Plaintiff then gives one example of a piece of the Defendants' jewelry which allegedly infringes on the Plaintiff's copyrights. ¶14 of Complaint. These allegations by the Plaintiff simply do not state "which specific original works are the subject of the claim" nor do they state "by what acts and during what time frame defendants have infringed the copyright." Consequently, the Defendants cannot be reasonably expected to answer the Complaint as it now stands. Therefore, I conclude that the Defendants' motion for more

definite statement should be granted and the motion to dismiss denied.

WHEREFORE,

IT IS ORDERED that the Defendants' Motion to Dismiss or Alternatively, Motion for More Definite Statement is granted in that the Plaintiff shall be permitted to amend his Complaint no later than March 5, 1999.

_____
Leslie C. Smith
United States Magistrate Judge